[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in the above captioned cases have filed a motion seeking articulation of certain elements of the undersigned's memorandum of decision dated December 9, 1993, relating to attorney's fees, expert witness fees, and the calculation of damages awarded to plaintiff Faulkner. Attorney's fees were discussed on pages 7 and 8 of the memorandum and it was pointed out that the attorney trial referee did not find defendant's conduct to be wilful, and that such fees were deleted CT Page 2919 from the judgment because the referee had not explained why the case was "appropriate" for such an award. General Statutes 47-278.[1] The reference by plaintiffs in their motion to awarding attorney's fees based on an alleged provision to that effect in the contract with the defendant was not the subject of a motion to correct, or exceptions and objections to the attorney trial referee's recommendations, and hence were not analyzed or mentioned.[2]
With respect to fees for expert witnesses, page 8 of the decision points out that the clerk will tax costs pursuant to General Statutes52-260, 52-257, and such costs could include fees for experts, if appropriate, and subject to court approval if challenged.
As discussed on page 8 of the decision, Faulkner was awarded $8,953, rather than $13,857, as recommended by the referee because, as indicated on page 9, it was considered appropriate to reject the recommendations of the referee regarding damages for repairs to the common elements, as detailed in exhibit 48, as well as the $750 paid to the unit owner's association.[3]
Hence, I believe that the questions posed by the plaintiffs' motion for articulations were all adequately covered on the various pages indicated, and that a further articulation is not warranted, except to the extent above indicated.
Dated at Stamford, Connecticut, this 17th day of March, 1994.
William B. Lewis, Judge